# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN LATHAM, Floor Manager of Marche Restaurant, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 23-cv-12834-JEK |
| JOSEPH BIDEN, President of White House Office, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM & ORDER

**KOBICK, J.**

Plaintiff Lincoln Latham, an inmate in custody at the Old Colony Correctional Center, initiated this action by filing a self-prepared motion for independent examination. He subsequently filed motions for a pretrial conference, early assessment of the case, sanctions, a bill of discovery, a bill of objections, and a prisoner account statement; motions to test for relevant evidence and cross-examine the defendant; and motions for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court denies the motions and dismisses this action.

## STANDARD OF REVIEW

Because Mr. Latham is a prisoner plaintiff, this action is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A requires federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(a)-(b). In conducting this review, the court liberally construes the pleadings

because Mr. Latham is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## DISCUSSION

Mr. Latham initiated this case by filing a document titled "Motion for Independent Examination." ECF 1. In that motion, which the Court construes as a request for preliminary injunctive relief, Mr. Latham seeks an order that would, among other things, direct the defendant, President Joseph Biden, to stop supporting Israeli Prime Minister Benjamin Netanyahu. *See* ECF 1, ¶ 1. Mr. Latham asserts that President Biden has violated the "9th amendment of the [U]nited [S]tates [C]onstitution." *Id.* ¶ 5.

Under Federal Rule of Civil Procedure 3, a "civil action is commenced by filing a complaint with the court." Mr. Latham has not properly commenced an action because he has not filed a complaint in accordance with Rule 3. "In the absence of a complaint . . . setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant . . . a preliminary injunction." *Lowenthal v. Massachusetts*, No. 14-cv-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014) (quoting *Greene v. Phila. Hous. Auth.*, No. 11-MC-60, 2011 WL 1833011 (E.D. Pa. May 11, 2011)); *Latimore v. Boston Police Dep't*, No. 14-cv-13685-FDS, 2014 WL 4965867, at *2 (D. Mass. Oct. 1, 2014).

Even if Mr. Latham had filed a complaint, he would be required to prepay the filing fee and would not be permitted to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(g), a prisoner who has, "on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" may not proceed without prepayment of the filing fee, unless the "prisoner is under imminent danger of serious

physical injury." Section 1915(g) applies here because nothing in Mr. Latham's motion for independent examination or subsequent motions suggests that he is in imminent danger of serious physical injury, and he has had three or more prior dismissals on the grounds set forth in the statute. *See Latham v. Bd. of Bar Overseers*, No. 11-cv-12296-NMG (D. Mass. June 18, 2012) (dismissed for failure to state a claim); *Latham v. Kennedy*, No. 23-cv-10121-RGS (D. Mass. Apr. 10, 2023) (dismissed for failure to state a claim); *Latham v. Demissie*, No. 23-cv-10345-WGY (D. Mass. June 6, 2023) (dismissed for failure to state a claim).

Ordinarily, the Court would afford a *pro se* plaintiff like Mr. Latham the opportunity to file a complaint and pay the filing fee. However, leave to file a proper complaint is not required where, as here, the nature of the allegations and requests for relief demonstrate that such a filing would be futile. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 622-23 (1st Cir. 1996).

Article III of the U.S. Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). A plaintiff who raises "only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573-74 (1992). Mr. Latham's motion—which objects to President Biden's support for Israel and to the use of "funds from Congress" to support Israel in the aftermath of the October 7, 2023 attack by Hamas, ECF 1, ¶¶ 1-5—asserts only a generalized grievance about the President's and Congress's policies with respect to Israel. Even if contained

3

within a complaint, Mr. Latham's alleged injuries and requests for relief are not particularized and would be subject to dismissal for lack of standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (an "alleged injury is not 'concrete and particularized'" when the plaintiff "suffers in some indefinite way in common with people generally" (citation omitted)).

Mr. Latham's allegations and requests for relief are also foreclosed by the political question doctrine, which "excludes from judicial review those controversies which revolve around the policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221, 230 (1986). Mr. Latham's motion objects to precisely the sort of "policy judgments about national security and foreign policy" that are "best left to the political branches of the federal government." *Beacon Prods. Corp. v. Reagan*, 633 F. Supp. 1191, 1195 (D. Mass. 1986), *aff'd*, 814 F.2d 1 (1st Cir. 1987); *see Def. for Children Int'l-Palestine v. Biden*, No. 23-cv-05829-JSW, 2024 WL 390061, *3-5 (N.D. Cal. Jan. 31, 2024), *appeal pending*, No. 24-704 (9th Cir.) (dismissing action for lack of jurisdiction because, under the political question doctrine, the "[p]laintiffs' challenge to the appropriateness of providing financial and military aid to Israel is a challenge to the manner in which the President and Executive Branch officials conduct the foreign affairs of the United States"). Because these defects in Mr. Latham's claims could not be cured by the filing of a proper complaint, the Court will not grant Mr. Latham leave to refile. *See Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (*sua sponte* dismissal is appropriate only when "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile").

## CONCLUSION

For the reasons set forth above, the Court hereby orders:

1. The motion for independent examination (ECF 1), motion for pretrial conference (ECF 3), motions for early assessment of case (ECF 7 and 12), motion for sanctions (ECF 8), motion for bill of discovery (ECF 9), motions for leave to proceed *in forma pauperis* (ECF 10 and 14), motion for certified prisoner account statement (ECF 11), motion for bill of objections (ECF 13), motion to test for relevant evidence (ECF 15), and motion to cross-examine the defendant (ECF 16), are DENIED.

2. This action is DISMISSED pursuant to 28 U.S.C. § 1915A(a).

3. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

/s/ Julia E. Kobick  
United States District Judge

Dated: March 4, 2024